F I L E D
CLERK OF COURT

2025 NOV 14 AM 11: 26

SUPERIOR COURT
OF GUAM

## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

vs.

JOHNIA ANITA SIGUENZA,
DOB: 09/11/2000

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CRIMINAL CASE NO. CF0385-21
GPD Report Nos. 21-18916/21-18918

**DECISION & ORDER
RE. DEFENDANT'S ORAL MOTION
TO CLOSE CASE**

This matter came before the Honorable Alberto E. Tolentino on August 20, 2025, for a Restitution Hearing. Defendant Johnia Anita Siguenza ("Defendant") was present via Zoom with counsel Public Defender Earl Espiritu. Assistant Attorney General Samuel Alexander was present for the People of Guam ("People"). During the hearing, the court entertained the Defendant's oral motion to close this matter. Upon the People's opposition to the oral motion, the court took the matter under advisement pursuant to Supreme Court of Guam Administrative Rule 06-001, CVR 7.l(e)(6)(A) and CR1.1 of the Local Rules of the Superior Court of Guam. Having duly considered the parties' oral arguments and the applicable law, the court now issues this Decision and Order **GRANTING** the Defendant's oral Motion to Close Case.

### BACKGROUND

On August 23, 2021, the Defendant was charged with VEHICULAR NEGLIGENCE: BODILY INJURY (As a 3rd Degree Felony). *See* Indictment (Aug. 23, 2021). Upon the parties'

agreement, the Defendant pled to DRIVING WHILE IMPAIRED (As a Misdemeanor). *See* Judgment (Sep. 25, 2023). Prior to this, the People submitted a Restitution Summary Report claiming Ten Thousand Seven Hundred Forty-Six Dollars and Seventy-Four Cents ($10,746.74). *See* Summary Report (Mar. 23, 2023). On January 16, 2025, the People notified the court that the Criminal Injuries Compensation Commission denied the victim Seiana M.G.L. Nedlic's compensation application.

After the denial of the victim's compensation application, the parties were before the court on March 5th and May 7th of 2025, for Progress Hearings; however, neither hearing resulted in the resolution of restitution. Since then, Probation Services Division filed an Informational Report indicating that "[t]he Defendant has satisfactorily completed the terms and conditions of her probation as of April 18, 2025." Informational Report (Apr. 21, 2025). However, the only remaining issue was restitution. *Id.*

On August 20, 2025, the parties were before the court for a Restitution Hearing. At the hearing, the People indicated that the victim requested additional time to provide the People with receipts relating to her restitution claims. *See* Restitution Hr'g Mins. at 2:27:46PM (Aug. 20, 2025). Due to restitution being an ongoing issue over the past few hearings, the Defendant inquired into whether any restitution payments have been made through insurance or otherwise. *Id.* Without an update from the People regarding the status of restitution payments, the Defendant orally moved to close this matter. *Id.* The court then took the matter under advisement.

## DISCUSSION

**A. The court finds that restitution in addition to her probation is not specially adapted to the correction of Defendant Siguenza.**

"The court shall not sentence an offender to pay a fine or make restitution in addition to a sentence of imprisonment or probation unless: (1) the offender has derived a pecuniary gain from

the offense; or (2) the court believes that a fine or restitution is specially adapted to deterrence of the type of offense involved or to the correction of the offender." 9 GCA § 80.52(b).[1] Should the court choose to do so, the court may sentence a person to pay a fine or to make restitution not exceeding One Thousand Dollars ($1,000.00) if the conviction is of a misdemeanor. *See* 9 GCA § 80.50(c). For "[a]ny higher amount equal to double the pecuniary gain to the offender or loss to the victim caused by the conduct constituting the offense by the offender… the court shall make a finding as to the amount of the gain or loss, and if the record does not contain sufficient evidence to support such a finding the court may conduct a hearing upon the issue." 9 GCA § 80.50(e).

While the court may order the Defendant to pay restitution of up to One Thousand Dollars ($1,000.00) for misdemeanor convictions, without any specific findings, the court must make such findings for any higher amount that does not exceed double the loss to the victim or gain to the defendant. *People v. Mallo*, 2008 Guam 23 ¶ 43. The People have the burden of proving the amount of the loss by a preponderance of the evidence. *United States v. Waknine*, 543 F.3d 546, 556 (9th Cir. 2008).

As mentioned earlier, the Defendant pled guilty to DRIVING WHILE IMPAIRED (As a Misdemeanor). Since filing its Notice of Denial of Award on January 16, 2025, the People have had more than enough time to prepare for the August Restitution Hearing, such as collecting necessary information from the victim in support of any restitution claims. Prior to the hearing, the Defendant had already completed payment of her One Thousand Dollar ($1,000.00) Fine on April 18, 2025. *See* Informational Report (Apr. 18, 2025). The Defendant also informed the court that she has private counsel to address potential civil claims that could be brought against her

---

[1] Based on the Defendant's conviction in this case, the court finds that 9 GCA § 80.52(b)(1) is not relevant for the court's review of the facts.

regarding the offense in this criminal matter. *See* Restitution Hr'g Mins. at 2:27:46PM (Aug. 20, 2025).

Based on her satisfactory completion of her probationary conditions, the court finds that restitution in addition to her probation is not specially adapted to the correction of the Defendant.

**B. Upon the Defendant's successful completion of her probationary conditions, the court finds good cause to close this matter.**

"Any conditions imposed pursuant to § 80.62 shall automatically terminate upon the successful completion of the period of suspension or probation set by the court." 9 GCA § 80.64(c).

Upon the court's finding above that restitution is not necessary in this case, the Defendant has no pending conditions of probation. Having considered her completion of probationary conditions since April 18, 2025, and the resolution of the restitution issue, the court finds good cause to close this criminal matter.

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

## CONCLUSION

For reasons stated above, the court **GRANTS** the Defendant's oral Motion to Close Case.

A written Order Closing Case shall be forthcoming.

**A Status Hearing is scheduled before this court on November 17, 2025, at 10:00AM.**

**SO ORDERED** this _____NOV 1 4 2025_____.

_____

**HONORABLE ALBERTO E. TOLENTINO**
Judge, Superior Court of Guam

SERVICE VIA EMAIL
I acknowledge that an electronic
copy of the original was e-mailed to:

OAG & PDSC

Date: 11/14/25 Time: 11:41
Reinita M. Lindlau
Deputy Clerk, Superior Court of Guam